UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK MCNAMARA, | ) | Case No. 11-cv-2137-L(WVG) |
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. 61]** |
| v. | ) ) | |
| ROYAL BANK OF SCOTLAND GROUP, PLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

On November 5, 2012, the Court granted Defendants Royal Bank of Scotland Group, PLC ("RBS"), Citizens Financial Group, Inc., doing business as RBS Citizens N.A. ("Citizens"), and The Kroger Company ("Kroger")'s motion to compel Plaintiff Patrick McNamara's claims for alleged violations of the Telephone Consumer Protection Act ("TCPA") to arbitration.[1] Plaintiff now moves for reconsideration of the aforementioned order compelling the parties to arbitration. Defendants oppose.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 62.) For the following reasons, the Court **DENIES** Plaintiff's motion for reconsideration. (Doc. 61.)

//

---

[1] RBS has since been dismissed from this action. (Doc. 51.)

11cv2137

# I. LEGAL STANDARD

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted). Further, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay*

*v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

## II.     DISCUSSION

Plaintiff argues that the reconsideration is appropriate for two reasons: (1) the Court committed clear error when it stated that Plaintiff failed to cite any binding legal authority at the state or federal level when he argued that the arbitration agreement is illusory; and (2) *Schnabel v. Trilegiant Corp.*, 697, F.3d 110 (2d Cir. 2012), presents an intervening change in controlling law.  The Court addresses both arguments below.

### A.     Clear Error

In the order compelling arbitration, the Court states that

> Plaintiff also argues that the arbitration agreement is illusory because it permits Defendants to unilaterally modify the terms at any time. However, he fails to cite any binding legal authority in doing so. Plaintiff does not cite a single case from California or Connecticut at the state or federal level.  Thus, the Court rejects this argument.

(Order Compelling Arbitration 11 n.6 (citations omitted).)  Plaintiff argues that this portion of the order was based on a mistake of fact because he did cite to a Connecticut state and federal case in a footnote supporting his argument that the arbitration agreement is illusory.  (Pl.'s Mot. 2:22–4:4.)  Specifically, in the approximate two-and-a-half pages of text that Plaintiff used to argue that the arbitration agreement is unenforceable because it is illusory, Plaintiff directs the Court's attention to a footnote in which he cites to a Connecticut state-court and a federal district court case.  (*Id.*)

Plaintiff attributed the footnote that contains these two cases to the proposition that "'[A] promise where the promisor retains an unlimited right to decide later the nature or extent of his or her performance' is illusory." (Pl.'s Arbitration Opp'n 18:20–23 n.5 [Doc. 48].)  The footnote goes on to state

//

//

//

> Assuming *arguendo* that the Court holds the arbitration clause should be interpreted under Connecticut contract law, Connecticut courts also recognize that when one party reserves for itself the right to terminate an agreement, there is not an enforceable agreement. *See R.F. Baker & Co. v. P. Ballantine & Sons*, 20 A.2d 82, 83 (Conn. 1941) (noting that "[t]o agree to do something and reserve the right to cancel the agreement at will is no agreement at all") (internal citations and marks omitted); *Quiello v. Reward Network Establishment Servs., Inc.*, 420 F. Supp. 2d 23, 30-31 (D. Conn. 2006) (applying Connecticut contract law and holding that "[w]ords of promise do not constitute if they make performance entirely optional with the purported promisor...") (internal citation and marks omitted).

(Pl.'s Arbitration Opp'n n. 5.) That footnote is the full extent of any discussion involving *Baker* and *Quiello*. *Baker* and *Quiello* are not cited anywhere in the body of the text, and these cases certainly are not applied to any of the circumstances of this case. Rather, an inventory of cases that Plaintiff cites throughout the body of the text are from the following jurisdictions: the Fifth Circuit, the Tenth Circuit, the District of Maine, the Northern District of Ohio, the District of Colorado, and the state of Maryland. (Pl.'s Arbitration Opp'n 18:20–20:26.) Simply put, the manner in which Plaintiff cited *Baker* and *Quiello* is insufficient to have any affect on the legal analysis that he presented. Plaintiff goes on to elaborate how these cases are applicable to the circumstances at hand in his motion, adding explanation with references to additional California and Connecticut case law, but that is outside the scope of this motion because "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *See Ausmus*, 2009 WL 2058549, at *2.

Even though Plaintiff cited these cases, tucked away in a footnote, he fails to apply them in any cognizable manner to support the argument the arbitration agreement is unenforceable because it is illusory. (*See* Pl.'s Arbitration Opp'n 18:20–20:26.) Effectively, Plaintiff failed to cite any California or Connecticut law at the state or federal level, and thus, there was no clear error here that warrants reconsideration. *See* Fed. R. Civ. P. 59(e).

### B.   Intervening Change in Controlling Law

Under Rule 59(e), an intervening change in the controlling law is an appropriate ground to grant reconsideration. *Kona Enters.*, 229 F.3d at 890. Plaintiff argues that the Second Circuit's opinion in *Schnabel*, issued on September 7, 2012, was an intervening change in

controlling law.  (Pl.'s Mot. 4:6–6:28.)  Defendants respond that it is not a change in controlling law "because it is a non-binding, out-of-circuit decision."  (Defs.' Opp'n 6:7–7:4.)  Plaintiff characterizes Defendants' position as "an unduly narrow view of 'controlling law.'"  Neither party provides any case law that clearly defines "controlling law."  Nonetheless, the Court agrees with Defendants.

To begin, "control" is defined as "to exercise restraint or direction over; dominate; command."  Random House Webster's Unabridged Dictionary 442 (2d ed. 1998).  In other words, controlling law should exercise direction over this Court.  This alludes to how courts consider precedent, which leads to the distinction between binding precedent and persuasive precedent.  Binding precedent is "[a] precedent that a court must follow.  For example, a lower court is bound by an applicable holding of a higher court in the same jurisdiction."  Black's Law Dictionary (9th ed. 2009).  In contrast, persuasive authority is "[a] precedent that is not binding on a court, but that is entitled respect and careful consideration.  For example, if the case was decided in a neighboring jurisdiction, the court might evaluate the earlier court's reasoning without being bound to decide the same way."  *Id.*  Taking into consideration these definitions, the Court concludes that "controlling law" under Rule 59(e) refers specifically to binding precedent only.  *See Quevedo v. Macy's, Inc.*, No. CV 09-01522, 2011 WL 6961598, at *4 (C.D. Cal. Oct. 31, 2011) (suggesting that "controlling law" is precedent that the court is obligated to follow).

Based on the definitions discussed above, *Schnabel* does not qualify as controlling law.  Even though it discusses state laws that this Court would have been bound to follow—namely, Connecticut state law—the *Schnabel* Court's opinion is persuasive authority that does not control in this Court's application of Connecticut state law.  Had this case been brought to this Court's attention before it issued the order compelling arbitration, then the Court may have considered incorporating some of *Schnabel*'s analysis.  However, for the purposes of Rule 59(e), the issuance of *Schnabel* is not an intervening change in controlling law that warrants granting reconsideration.  Therefore, reconsideration is not appropriate under the intervening-change-in-controlling-law prong.  *See* Fed. R. Civ. P. 59(e); *Kona Enters.*, 229 F.3d at 890.

### III. CONCLUSION & ORDER

Because Plaintiff fails to demonstrate entitlement to reconsideration, the Court **DENIES** his motion. (Doc. 61.)

**IT IS SO ORDERED.**

DATED: May 8, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL